## Case No. 7,957.

### In re KYLER.

[6 Blatchf. 514;[1] 3 N. B. R. 46 (Quarto, 11).]

Circuit Court, S. D. New York.　July 13, 1869.

APPEALS—TIME OF TAKING—BANKRUPTCY—APPEAL IN BY CREDITOR.

Where an appeal, purporting to be taken to this court, under the 8th section of the bankruptcy act of March 2, 1867 (14 Stat. 520), by a supposed creditor, whose claim is rejected, from the decision of the district court, is not claimed, nor any notice of it given to the clerk of the district court, and to the assignee, within ten days after the entry of the decision appealed from, this court will dismiss the appeal.

[Cited in Judson v. Courier Co., 25 Fed. 709.]

This was a motion to dismiss appeals taken to this court from a decision made by the district court on the 8th of May, 1869, rejecting and expunging from the proceedings herein certain debts, and the proofs thereof. [See Case No. 7,956.]

Adolph S. Sanger, for creditors.

Cotterill Bros., for assignee.

BLATCHFORD, District Judge. The evidence of the decision of the district court is an order made by that court, on the 8th of May, 1869, and filed in that court on that day, rejecting and expunging such debts and proofs. The appeals were claimed, and notices given thereof to the clerk of the district court, and to the assignee, as prescribed in the 8th section of the act, by notices, each of which states that the appeal claimed is an appeal "from the decision of the judge of the district court aforesaid, made on the 8th day of May, 1869, refusing to allow the claim" of the appellant. These are the only appeals which appear to have been claimed, and the only notices which appear to have been given of any appeals. The 8th section of the act provides, that where a supposed creditor, whose claim is rejected, appeals from the decision of the district court to the circuit court of the same district, the appeal shall not be allowed, unless it is claimed, and notice thereof given to the clerk of the district court and to the assignee, within ten days after the entry of the decision appealed from. In the present case, no appeal from such decision of the district court was claimed, nor was any notice of any such appeal given within ten days after the 8th of May, 1869.

The point taken on the part of the appellants, that, because the order of the district

court, entered on the 8th of May, 1869, awarded to the assignee costs to be taxed, to be paid by the creditors whose debts were rejected, and ordered that the assignee recover judgment against them therefor, and have execution against them therefor, it was not an order from which an appeal could be taken, and that an appeal could be taken only from a decree to be entered, after the taxation of the costs, embodying the decision rejecting the claims and judgment for a sum certain, as taxed costs, only goes to show that the alleged creditors, in appealing from the decision, as a decision made on the 8th of May, 1869, appeared prematurely. As the appeals from the decision actually appealed from were not claimed and noticed within ten days after the entry of such decision, they must be dismissed.